UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　 )　　Case No.: 2-12-CR-453-APG-GWF
　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　**ORDER DENYING SENTENCE**
REBEKAH FOUQUET,　　　　　　　　　　)　　**REDUCTION**
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　 )
　　　　　　　　　　　　　　　　　　)

　　　　Defendant Rebekah Fouquet seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. #180.)  On October 17, 2013, I sentenced Fouquet to 57 months of incarceration. Subsequently, the United States Sentencing Commission adopted a two-level reduction in the Sentencing Guidelines' drug offense levels.  Fouquet seeks a reduction of her sentence consistent with that reduction.

　　　　Fouquet's 57-month sentence was based in part upon the calculations set forth in the Probation Office's Presentence Investigation Report ("PSR").  I agreed with the Probation Office's determination that Fouquet was responsible for 3,391.4 grams of MDMA.  Although this drug quantity corresponded to a base offense level of 32 in the 2012 Drug Quantity Table, Fouquet's offense level was reduced to 30 pursuant to U.S.S.G. §§ 2D1.1 (a)(5)(i).  That provision directs courts to apply "[t]he offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is . . . level 32, decrease by 2 levels."  Because Fouquet qualified for a mitigating role adjustment, and because the offense level specified in the Drug Quantity Table was 32, her base offense level was 30.  The resulting guideline range was 57-71 months' imprisonment.  I sentenced Fouquet to the low-end of that range: 57 months.

As set forth above, Fouquet's base offense level of 32 was reduced to 30 based upon U.S.S.G. § 2D1.1 (a)(5). That provision applies only where a) the defendant qualifies for a mitigating role adjustment, and b) the base offense level listed in the Drug Quantity Table is 32 or higher. Under the new drug offense levels, Fouquet's base offense level is 30 pursuant to the drug quantity table. Because U.S.S.G. §§ 2D1.1 (a)(5) does not apply where the offense level in the drug quantity table is lower than 32, Fouquet's base offense level remains 30, *i.e.*, the same base offense level she was assigned at her sentencing. Thus, she is not entitled to a sentence reduction.

This is consistent with holdings in other circuits. *United States v. Brown*, 404 Fed. Appx. 460, 461 (11th Cir. 2010) (unpublished); *accord United States v. Teron*, 371 Fed. Appx 235, 236-37 (2d Cir. 2010) (per curiam) (unpublished); *United States v. Owens*, 330 Fed. Appx 756, 758-59 (10th Cir. 2009) (unpublished).

Because Defendant's "amended" guideline range would be identical to the guideline range under which she was sentenced, Fouquet was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Fouquet is therefore statutorily ineligible for a sentence reduction, and I lack authority to grant her motion.

IT IS THEREFORE ORDERED that Fouquet's motion for a reduction of her sentence is DENIED.

**DATED** this 29th day of April, 2015.

_____
Andrew P. Gordon
United States District Judge